**advocates
for justice
chartered attorneys**

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

Arthur Z. Schwartz
Principal Attorney

aschwartz@afjlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _1/12/2020_

January 12, 2020

ENDORSEMENT: This case has been referred to Magistrate Judge Aaron for General Pretrial. (*See* Am. Order of Reference, ECF No. 44.) Thus, this Letter Motion should have been addressed to Magistrate Judge Aaron, not District Judge Torres. Per Judge Aaron's Individual Rules, the City shall respond to Plaintiff's Letter Motion (ECF No. 45) no later than Wednesday, 1/15/2020. Any reply shall be filed by Plaintiff no later than Thursday, 1/16/2020. Judge Aaron shall hold a Telephone conference on Tuesday, 1/21/2020, at 10 a.m., to address the Letter Motion. The parties shall call the Court's conference line (212-805-0110) once all parties are on the line. SO ORDERED.

Dated: 1/12/2020

BY ECF
Hon. Analisa Torres
United States District Court
500 Pearl Street
New York, New York 10007

Re: Schwartz v. City of New York
19 Civ. 5204 (AT)
Letter Motion To Compel Discovery

Dear Judge Torres:

We file the letter motion pursuant to FRCP 37(A)(3)(A) to compel the Defendant City of New York to provide documents which it has improperly refused to provide. The Court should note that although a Motion to Dismiss is still pending, all but expert discovery is set to conclude on January 31, 2020 (and there appears to be no expert discovery) and a final case management conference is set for March 9, 2020. Depositions of various supervisors of Plaintiff are set for January 27, 2020, so there is some immediacy to this motion.

Because there is a pending Motion to Dismiss we know nothing about the City's defenses except for its assertion that the "complaint does not assert a claim as a matter of law." We have been able to get time records, including time records showing that Plaintiff was paid statutory overtime, records showing approval for overtime work, and records of "Comp Time" accrued by Plaintiff which was not paid out when he was fired.

Attached as Exhibit A are Plaintiff's Document Requests. Attached as Exhibit B is the City's response. Attached as Exhibit C is our letter of December 16, 2019, which reflected our effort to resolve this dispute without resort to the Courts. That letter was not responded to except that Plaintiff's Pay Stubs were provided..

The City's response to our document requests were lacking as follows:


**advocates for justice**
**chartered attorneys**

Hon. Analisa Torres.
January 12, 2020
Page 2

- In Request No. 6e sought a copy of all documents and reports generated by Plaintiff during his two years of employment which Defendant would characterize as FLSA exempt. Rathre than say "there was none" or produce the work he did (all of which were in the nature of reports and spreadsheets) Defendant simply says that the request is "overbroad. These documents will illustrate exactly what Plaintiff did which would allow a factual determination of whether Plaintiff was covered by some FLSA exemption, *i.e.*, the nature of his work and when it was done. This is not an overly broad request, and is ascertainable by a examination of the hard drive on the computers Plaintiff used while at work, or by doing a search for documents with his name. Plaintiff worked on the Build It Back Project, a multi-billion dollar project which by its nature was well documented, since it involved reimbursement of the City with Federal funds.

- In Request No. 7 we requested all of Plaintiff's work emails. We have no doubt that (a) his emails were archived, and (b) a search of the emails by the people named in Plaintiff's Answers to Interrogatories (about 10 City emoployees) would provide a meaningful series of emails. To say that those emails, which would reflect work done, when it was done, and discussions with supervisors about the work, is "disproportionate to the needs of the case" is not a valid objection.

Thank you for your consideration.

Respectfully submitted,

/s/

Arthur Z. Schwartz

cc. Andrea Oconnor, Esq (by ECF)