USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___1/22/2020___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jacob Schwartz,

                                    Plaintiff,

                    -against-

City of New York,

                                    Defendant.

1:19-cv-05204 (AT) (SDA)


<u>REPORT AND RECOMMENDATION</u>


STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.

TO THE HONORABLE ANALISA TORRES, UNITED STATES DISTRICT JUDGE:


        Before the Court is a motion by Defendant City of New York ("Defendant" or "City"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Third Amended Complaint ("TAC") filed by Plaintiff Jacob Schwartz ("Plaintiff" or "Schwartz").[1] (Not. of Mot., ECF No. 25.) For the reasons set forth below, I respectfully recommend that Defendant's motion be GRANTED IN PART and DENIED IN PART.

---

[1] In issuing this Report and Recommendation, the Court has reviewed and considered Defendant's memorandum of law in support of the motion to dismiss (Def. Mem., ECF No. 26); Plaintiff's memorandum of law in opposition to the motion (Pl. Opp. Mem., ECF No. 35); and Defendant's reply memorandum in support of the motion. (Def. Reply Mem., ECF No. 36.) The Court also had a discussion of the issues raised in Defendant's motion during a telephone conference with the parties on January 21, 2020 addressing Plaintiff's Letter Motion for Discovery. (Pl. Letter Motion, ECF No. 45.)

**FACTS**[2]

From on or about May 1, 2015 until May 20, 2017, Schwartz was employed by the City at its Department of Design and Construction ("DDC") in various titles as a "Provisional Employee." (TAC, ECF No. 24, ¶ 5.) His initial title was "Project Manager Intern" and on May 1, 2016 he was promoted to Computer Programmer Analyst. (*Id.*) Schwartz was assigned to work a 35-hour work week. (*See id.* ¶¶ 6-7.) If he worked more than 35 hours per week, he could choose to be paid hourly wages or "bank [his] time as 'Comp Time.'" (*See id.* ¶ 8.) When Schwartz worked on a holiday, he "could also bank that time as Comp Time," but "[h]oliday work was banked at 1.5 times the employee's hourly rate." (*See id.* ¶ 10.)

During the course of his employment, Schwartz "worked in excess of 35 hours in a week and banked his time" and also worked on holidays for which his time was banked. (*See id.* ¶¶ 11.a-b.) "As of May 20, 2017 [when he was terminated], according to his paycheck, [Schwartz] had banked 457 hours and 10 minutes of Comp Time" and "also banked 26 hours and 38 minutes of time worked on holidays." (*Id.* ¶ 11.b.) Moreover, he had 21 hours and 16 minutes of "earned annual leave which had not been used." (*Id.* ¶ 13.) Despite numerous requests, Schwartz has not been paid either straight time[3] or overtime pay[4] for any of the foregoing hours. (*Id.* ¶ 14.) He received his last pay check on June 2, 2017. (*Id.* ¶ 13.)

---

[2] For purposes of deciding the motion to dismiss, all factual allegations contained in the TAC are assumed to be true and all reasonable inferences are drawn in favor of the Plaintiff. *See New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 119 (2d Cir. 2013).

[3] Plaintiff alleges that the time banked in Comp time, "even if the time worked was in excess of 40 hours" was "recorded as 'straight time.'" (TAC ¶ 8.)

[4] The Fair Labor Standards Act requires that employers pay overtime to employees working more than 40 hours a week. 29 U.S.C. § 207(a). Schwartz identifies 33 weeks during which he worked more than 40 hours per week, totaling 144 overtime hours. (*See* TAC ¶ 11.c.)

The TAC alleges four claims: (1) a violation of the Fair Labor Standards Act ("FLSA") for failure to pay Plaintiff his overtime pay (TAC ¶¶ 16-17); (2) a violation of Section 12-108 of the Administrative Code of the City of New York for failure to pay Plaintiff his overtime pay (*id*. ¶¶ 18-21); (3) breach of oral contract for failure to pay Plaintiff for his Comp Time (*id*. ¶¶ 22-25); and (4) *quantum meruit*—i.e., that Plaintiff, at a minimum, should be paid his Comp Time at "the straight-time hourly rate." (*Id*. ¶¶ 26-28.)

## LEGAL STANDARDS

"To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc*., 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion to dismiss, courts must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *L.C. v. LeFrak Org., Inc*., 987 F. Supp. 2d 391, 398 (S.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)). "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros*., 774 F.3d 791, 798 n.12 (2d Cir. 2014) (citing *Staehr v. Hartford Fin. Servs. Grp., Inc*., 547 F.3d 406, 425 (2d Cir. 2008)).

## DISCUSSION

The Court addresses the four arguments raised by Defendant in support of its motion to dismiss in turn.

I.    **FLSA Statute Of Limitations**

Defendant argues that Plaintiff's FLSA claim is time-barred. (Def. Mem. at 1-4.) The statute of limitations under the FLSA is generally two years, but extends to three years for willful violations: "[E]very . . . action [to enforce a cause of action for overtime compensation under the FLSA] shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).

The question here is when Plaintiff's FLSA claim accrued. Section 207(o)(1) of the FLSA provides:

> Employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section.

29 U.S.C. § 207(o)(1). Section 207(o)(4), upon which Plaintiff's First Cause of Action is based (TAC ¶ 16), provides:

> An employee who has accrued compensatory time off authorized to be provided under paragraph (1) shall, upon termination of employment, be paid for the unused compensatory time at a rate of compensation not less than—
>
> (A) the average regular rate received by such employee during the last 3 years of the employee's employment, or
>
> (B) the final regular rate received by such employee, whichever is higher.

29 U.S.C. § 207(o)(4).

At the very earliest, Plaintiff's First Cause of Action accrued upon his termination. *See Oliver v. Layrisson*, No. 95-CV-00003 (MLS), 1996 WL 80097, at *2 (E.D. La. Feb. 21, 1996) (applying 29 U.S.C. § 207(o)(4), court held: "Clearly, plaintiff's cause of action for unused

compensatory time did not accrue until the date of his termination . . ..”), *aff'd*, 106 F.3d 397 (5th Cir. 1997) (“As a legal matter, we agree with the district court that payment for unused compensatory time is due 'upon termination of employment' under § 207(o)(4), that [plaintiff's] claim for this payment accrued on the date of termination, and that suit therefore was timely brought within two years of this date.”).[5]

In the present case, Plaintiff was terminated on May 20, 2017. (TAC ¶ 12.) His last pay check was on June 2, 2017. (TAC ¶ 13.) However, since Plaintiff could not have known that he was not paid for his accrued compensatory time until he received his last pay check, the Court finds that his cause of action under Section 207(o)(4) did not accrue until June 2, 2017.[6] This case was filed on Monday, June 3, 2019. Since the last day of the limitations period (*i.e.*, June 2, 2019) was a Sunday, the statute of limitations expired on Monday, the very day this case was filed. *See* Fed. R. Civ. P. 6(a)(1)(C). Thus, even if a two-year statute of limitation applies here, Plaintiff's First Cause of Action is timely.

Even assuming, *arguendo*, that Plaintiff's First Cause of Action accrued upon his termination on May 20, 2017 (rather than the day of his last pay check), such cause of action would be timely if a three-year statute of limitations for willful violations applies. *See* 29 U.S.C. § 255(a). Under the FLSA, the plaintiff bears the burden of proving willfulness for purposes of

---

[5] *See also Burnett v. Walker Cty. Comm'n*, No. 13-CV-01506 (HNJ), 2018 U.S. Dist. LEXIS 114572, *3 (N.D. Ala. May 16, 2018) (“To the extent a limitations period applies [to FLSA claim for unused compensatory time], it serves to preclude liability if a plaintiff files suit on this provision beyond the two- or three-year period following termination . . ..”).

[6] The City argues that Plaintiff's FLSA claim accrued “each regular payday immediately following the workweek during which services were rendered and for which overtime compensation is claimed.” (Def. Mem. at 2.) However, since payment of unused compensatory time was not due until termination, *see* 29 U.S.C. § 207(o)(4), the Court finds that Plaintiff's claim accrued on his last payday after his termination.

expanding the statute of limitations to three years, and "[a]ll that is required is that the employer knew or had reason to know that it was or might have been subject to the FLSA." *Juarez-Cardoso v. La Flor de Santa Ines, Inc*., No. 15-CV-06671, 2017 WL 4357009, at *11 (E.D.N.Y. Sept. 29, 2017) (quoting *Donovan v. Kaszycki & Sons Contractors, Inc.*, 599 F. Supp. 860, 870 (S.D.N.Y. 1984)). The standard for determining willful behavior is whether "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133 (1988).

Given the fact-intensive nature of the willfulness inquiry, the Court does not believe that it can or should be resolved on a motion to dismiss. *See Agureyev v. H.K. Second Ave. Rest. Inc.*, No. 17-CV-07336 (HBP), 2018 WL 4356731, at *3 (S.D.N.Y. Sept. 12, 2018) ("Whether plaintiff has sufficiently shown a willful violation is an issue ordinarily left to the trier of fact; it is not properly determined in the context of a Rule 12(b)(6) motion to dismiss."). Plaintiff alleges that "New York City has, for many years, deliberately ignored the fact that most of its Career and Salary and non-clerical/non-blue collar employees are eligible for overtime pay under the Fair Labor Standards Act since many of those in these titles do non-exempt work and are paid in hourly increments." (TAC ¶ 9.) Plaintiff also cites FLSA cases previously filed against the City. (*See id.*) The Court finds that these allegations are sufficient, particularly in the context of a pre-answer motion, to plead the requisite willfulness. *See Lynch v. City of New York*, 291 F. Supp. 3d 537, 554 (S.D.N.Y. 2018) (finding the existence of other FLSA lawsuits against City raised triable issues as to willfulness).

Thus, Defendant's motion to dismiss Plaintiff's FLSA claim on limitations grounds should be denied.

## II.    Plausibility Of FLSA Claim

Defendant next argues that Plaintiff fails to plausibly state a FLSA violation. (Def. Mem. at 6-8.) This argument lacks merit. "[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc*., 711 F.3d 106, 114 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)(1)). Here, Plaintiff alleges that, based upon "clock-in" and "clock-out" records, he worked in excess of 40 hours in certain weeks for which he was not compensated. (*See* TAC ¶¶ 11.c., 13-14.) Thus, he has stated a plausible FLSA claim.

## III.    New York City Administrative Code Claim

Plaintiff's Second Cause of Action is brought under Section 12-108 of the New York City Administrative Code. (TAC ¶¶ 18-21.) That section provides in relevant part: "[T]he mayor may authorize the head of any agency to require any . . . group of . . . employees in such agency to work in excess of the maximum number of hours of employment prescribed for such . . . group of . . . employees by any statute, general, special or local, provided that each such officer or employee shall be paid overtime compensation for such work at not less than his or her regular basic pay rate." New York City, N.Y., Code § 12-108. Plaintiff alleges that "[a]t all relevant times the Commissioner of DDC was authorized by the Mayor to require employees to work in excess of the maximum number of hours (35) prescribed for DDC employees." (*Id*. ¶ 19.) Thus, Plaintiff alleges that, by failing to pay him for his time worked, the City violated Section 12-108. (*See id*. ¶ 21.)

Defendant argues that Plaintiff does not point to any "'statute, general, special or local' establishing 35 hours each week as 'the maximum number of hours of employment.'" (Def. Mem.

at 8.) The Court agrees, and thus Plaintiff's claim under Section 12-108 should be dismissed. *See Yourman v. Dinkins*, 826 F. Supp. 736, 748 (S.D.N.Y. 1993), *decision supplemented*, 865 F. Supp. 154 (S.D.N.Y. 1994), *aff'd*, 84 F.3d 655 (2d Cir. 1996), *cert. granted, judgment vacated on other grounds sub nom*. *Giuliani v. Yourman*, 519 U.S. 1145 (1997).[7]

## IV.   Plaintiff's Common Law Claims

In Plaintiff's Third and Fourth Causes of Action, which allege claims for breach of an oral contract (TAC ¶ 25) and *quantum meruit* (*id*. ¶ 28), he seeks damages for his lost wages. (*See id*. ¶ 29.) As Defendant notes (Def. Mem. at 9-10), a contract or quasi-contract claim for lost wages by a public employee who has been terminated must be brought in an Article 78 proceeding. *See Finley v. Giacobbe*, 848 F. Supp. 1146, 1150 (S.D.N.Y. 1994) ("[W]e conclude that New York law requires that breach of employment contract claims be brought by article 78 proceedings."), *aff'd*, 79 F.3d 1285, 1292 (2d Cir. 1996) ("It is . . . clear . . . that a successful article 78 proceeding for reinstatement is a prerequisite to a claim for damages by a discharged public employee.").[8] In his Opposition Memorandum, Plaintiff quotes a portion of the *Finley* case which addresses employees who have been suspended, not terminated. (Opp. Mem. at 17.) Employees who are

---

[7] Although not raised by the City in its motion, Plaintiff's claim under the City Administrative Code, in any event, should have been brought under Article 78 of the New York Civil Practice Law and Rules within four months after his last paycheck. *See Menoudakos v. City of New York*, 74 A.D.2d 897, 897 (2d Dep't 1980) (finding claim under Section 1103-4.0 (now Section 12-108) of the New York City Administrative Code time-barred by four-month statute of limitations for Article 78 proceedings, N.Y. C.P.L.R. § 217); *see also Turner v. New York Div. of State Police*, 148 A.D.3d 1335, 1336 (3d Dep't 2017) ("If, as petitioner claims, respondent failed to pay him overtime due for that time period, it was incumbent upon petitioner to commence a CPLR article 78 proceeding within four months after the receipt of his last paycheck inasmuch as his claim for overtime back pay continuously accrued upon his receipt of each paycheck between 2008 and 2012.").

[8] Article 78 proceedings may encompass both claims sounding in breach of contract, as well as quasi-contractual claims like unjust enrichment and *quantum meruit*. *See, e.g.*, *Broderick v. Bd. of Educ., Roosevelt Union Free Sch. Dist.*, 253 A.D.2d 836, 837 (2d Dep't 1998).

"under suspension" may "maintain actions at law for back salary withheld in contravention of their rights under the New York Civil Service Law." *Finley*, 79 F.3d at 1292. However, as the Second Circuit held, when a public employee has been discharged, a successful Article 78 proceeding must be brought before a claim for damages. *Finley*, 79 F.3d at 1292; *see also Ingrassia v. Cty. of Sullivan, New York*, 262 F. Supp. 2d 116, 120 (S.D.N.Y. 2003).

As noted in footnote 7, *supra*, Article 78 proceedings are governed by a four-month statute of limitations. *See* N.Y. C.P.L.R. § 217. That statute of limitations has long since lapsed since Plaintiff received his last paycheck on June 2, 2017. *See Turner*, 148 A.D.3d at 1336 ("it was incumbent upon petitioner to commence a CPLR article 78 proceeding within four months after the receipt of his last paycheck"). Thus, I recommend that the Third and Fourth Causes of Action be dismissed.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Defendant's motion to dismiss the Third Amended Complaint be GRANTED IN PART and DENIED IN PART, as follows:

1. Defendant's motion to dismiss Plaintiff's First Cause of Action should be denied; and

2. Defendant's motion to dismiss Plaintiff's Second, Third and Fourth Causes of Action should be granted and those causes of action should be dismissed in their entirety.

**SO ORDERED.**

DATED:      January 22, 2020
            New York, New York

_____
STEWART D. AARON
United States Magistrate Judge

\*　　　　　\*　　　　　\*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Torres.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).