UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB SCHWARTZ,

                              Plaintiff,

              -against-

CITY OF NEW YORK,

                              Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/3/2020__

19 Civ. 5204 (AT)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

        Plaintiff, Jacob Schwartz, brings this action against Defendant, City of New York,

alleging that Defendant (1) failed to make overtime payments to Plaintiff in violation of the Fair

Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and Section 12-108 of the

Administrative Code of the City of New York ("Section 12-108"), (2) breached an oral contract

by failing to pay Plaintiff for "Comp Time,"[1] and (3) under the theory of *quantum meruit,* is

indebted to Plaintiff for Comp Time.  Compl. ¶¶ 16–28, ECF No. 24.  Defendant moved to

dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure

12(b)(6).  ECF No. 25.  After the motion was referred to the Honorable Stewart D. Aaron for a

Report and Recommendation ("R&R"), ECF No. 37, Judge Aaron recommended that the motion

be granted with respect to all causes of action except for the FLSA claim, R&R at 9, ECF No.

52.  Before the Court are Plaintiff's objections to the R&R.  Pl. Obj., ECF No. 54.  For the

reasons stated below, Plaintiff's objections are OVERRULED and the R&R is ADOPTED.

---

[1] As alleged in the complaint, Plaintiff could choose for time worked in excess of 35 hours in a given week to be
paid in hourly wages or "banked" as "Comp Time."  Compl. ¶ 8, ECF No. 24.

**BACKGROUND**[2]

From May 2015 to May 2017, Defendant employed Plaintiff in its Department of Design and Construction ("DDC") in various titles as a "Provisional Employee." R&R at 2. Plaintiff's initial title was Project Manager Intern and on May 1, 2016, he was promoted to Computer Programmer Analyst. *Id.* Plaintiff was assigned to work a 35-hour workweek and if he worked more than 35 hours per week, he could choose to be paid hourly wages or "bank" his time as Comp Time. *Id.* Plaintiff could also bank as Comp Time hours he worked on a holiday, except that holiday work was banked at 1.5 times his hourly rate. *Id.*

Plaintiff was terminated on May 20, 2017, and received his last paycheck on June 2, 2017. *Id.* According to his paycheck, Plaintiff had banked 457 hours and 10 minutes of Comp Time and 26 hours and 38 minutes of time worked on holidays. *Id.* He also had 21 hours and 16 minutes of earned annual leave, which had not been used. *Id.* Plaintiff was not paid for these hours, either at the usual hourly rate, or at the overtime rate. *Id.*

On September 20, 2019, Defendant moved to dismiss the complaint for failure to state a claim. ECF No. 25. The Court referred the motion to Judge Aaron for an R&R. ECF No. 37. Judge Aaron recommends that the motion be granted with respect to all causes of action except for Plaintiff's FLSA claim. R&R at 9.

**DISCUSSION**

I.    Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party makes

---

[2] The Court presumes familiarity with the facts and procedural history as set forth in the R&R, *see* R&R at 2–3, but will reiterate some key factual allegations here. Because the parties do not dispute the facts as stated in the R&R, the Court adopts the R&R's "Background" section. *See Roberts ex rel. Phillip v. Happiness is Camping Inc.*, No. 10 Civ. 4548, 2012 WL 844331, at *1 (S.D.N.Y. Mar. 13, 2012).

specific objections, the court reviews *de novo* those portions of the report and recommendation that have been properly objected to. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and citation omitted).

In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

II.   <u>Plaintiff's Objections</u>

A. New York City Administrative Code Claim

Plaintiff's second cause of action is brought under Section 12-108 of the New York City Administrative Code. Compl. ¶¶ 18–21. That section provides that "the mayor may authorize the head of any agency to require any . . . employee in such agency or any class or group

of . . .  employees in such agency to work in excess of the maximum number of hours of employment prescribed for such . . . employee or class or group of . . . employees by any statute, general, special or local, provided that each such . . . employee shall be paid overtime compensation for such work at not less than his or her regular basic pay rate."  New York City Administrative Code § 12-108.  Plaintiff alleges that the DDC Commissioner was authorized by the Mayor to require employees to work in excess of the maximum number of hours (35) prescribed for DDC employees.  Comp. ¶ 19.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation marks omitted)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Judge Aaron found that Plaintiff failed to state a claim to relief under Section 12-108 because the complaint did not point to any "statute, general, special or local" establishing 35 hours each week as the maximum numbers of hours of employment.  R&R at 7–8.  Plaintiff objects, arguing that Judge Aaron overlooked paragraph 7 of the complaint which identified a DDC employee manual setting forth a 35-hour work week. Pl. Obj. at 2.  Because Plaintiff "reiterates" the same arguments made to Judge Aaron, *Wallace*, 2014 WL 2854631, at *1 the Court reviews the objection for clear error and finds none. *Compare* Pl. Obj. at 2 *with* Pl. Opp. at 3, 15, ECF No. 35.

Section 12-108's language is clear.  It allows for overtime compensation where an employee has been directed "to work in excess of the maximum number of hours of employment prescribed for such . . . employee . . . by any *statute*, general, special or local."  New York City

Administrative Code § 12-108.  An employee manual is not a statute and Plaintiff has not

presented any authority holding otherwise.  *See Yourman v. Dinkins*, 826 F. Supp. 736, 748

(S.D.N.Y. 1993), *decision supplemented*, 865 F. Supp. 154 (S.D.N.Y. 1994), and *aff'd*, 84 F.3d

655 (2d Cir. 1996), *cert. granted, judgment vacated on other grounds sub nom. Giuliani v.

Yourman*, 519 U.S. 1145 (1997) (dismissing claim brought under § 12-108 because plaintiffs

"point to no 'statute, general, special or local' establishing thirty-five hours each week as 'the

maximum number of hours of employment'" (citation omitted)).

Accordingly, Plaintiff's objection that Judge Aaron overlooked the complaint's mention

of the DDC employment manual is OVERRULED.

### B.  Common Law Claims

Plaintiff's third and fourth causes of action allege claims for breach of an oral contract,

Compl. ¶ 25, and *quantum meruit, id.* ¶ 28, seeking damages for his lost wages.  Judge Aaron

determined that these claim should be dismissed for failure to state a claim because a contract

claim for lost wages by a public employee whose been terminated must be brought in a

proceeding under Article 78 of the New York Civil Practice Law and Rules, which Plaintiff did

not do.  R&R at 8–9.  Moreover, Judge Aaron noted that Article 78 proceedings are governed by

a four-month statute of limitations, which has "long since lapsed since Plaintiff received his last

paycheck on June 2, 2017."  *Id.* at 9 (citing N.Y. C.P.L.R. § 217).  Plaintiff objects, contending

that an Article 78 proceeding is not the appropriate vehicle for Plaintiff to pursue his breach of

contract and *quantum meruit* claims, because he is "not seeking reinstatement or challenging his

discharge."  *See* Pl. Obj. at 3.  The Court disagrees.

Because Plaintiff rehashes the same arguments made to Judge Aaron, *compare* Pl. Obj. at

3–5, *with* Pl. Opp. at 16–17, the Court reviews the objection for clear error, *Wallace*, 2014 WL

2854631, at *1, and finds none.  Plaintiff's argument that an Article 78 proceeding is not

required because he is not seeking reinstatement or challenging his discharge has been rejected

by the Second Circuit.  *See Finley v. Giacobbe*, 79 F.3d 1285, 1291 (2d Cir. 1996) ("[Plaintiff]

advances two arguments to challenge the district court's determination that she should first have

brought her claim in an [A]rticle 78 proceeding:  first, that a public employee's claim seeking

damages as the principal form of relief—*rather than reinstatement or back pay*—is akin to a

contract claim, an action at law that need not first be brought in an [A]rticle 78 proceeding . . . .")

(emphasis added).  The Second Circuit acknowledged that Article 78 is inapplicable to contract

actions against the state where a party seeks damages as the principal remedy.  *Id.*  However, the

court of appeals noted that "a successful article 78 proceeding for reinstatement is a prerequisite

to a claim for damages by a discharged public employee."  *Id.* at 1292 ("This seeming

contradiction is reconciled by New York's view that public employment claims were historically

based on property rather than contract principles."); *see also Clancy v. State*, 481 N.Y.S.2d 943,

945 (Ct. Cl. 1984) ("[A] breach of contract action for lost wages [against the state] may not be

maintained since claimant has not obtained reinstatement to her former position via an Article 78

proceeding, a condition precedent to such an action against a public employer.").

   In support of his position, Plaintiff relies primarily on *Gerber v. NYC Housing Authority*,

42 N.Y.2d 162, 165 (1977), where the New York Court of Appeals stated that a "claim for

accrued salary may be made by way of an action at law, and it is not necessary to commence an

Article 78 proceeding."  *Gerber*, however, concerned whether a public employee could recover

back pay, without first initiating an Article 78 proceeding, when he was suspended for a period

in excess of what is permitted under New York State Civil Service Law Section 75.  *See id.* at

164–65.  But as the Second Circuit noted, *Gerber* is "distinguishable . . . because [it] involve[s]

suspension [of an employee] rather than termination." *Finley*, 79 F.3d at 1292; *see also* R&R at 8 ("In his [opposition], Plaintiff quotes a portion of the *Finley* case which addresses employees who have been suspended, not terminated."). As Judge Aaron concluded, because Plaintiff is a discharged employee, as opposed to a suspended one, "a successful Article 78 proceeding must be brought before a claim for damages." R&R at 9 (citing *Finley*, 79 F.3d at 1292).

In any event, Article 78 proceedings are governed by a four-month statute of limitations. *See* N.Y. C.P.L.R. § 217. Judge Aaron held that the statute of limitations began to run when Plaintiff received his last paycheck on June 2, 2017. R&R at 9; *see also Turner v. New York Div. of State Police*, 50 N.Y.S.3d 175 (N.Y. App. Div. 2017) ("[I]t was incumbent upon petitioner to commence a CPLR [A]rticle 78 proceeding within four months after the receipt of his last paycheck . . . ."). Plaintiff objects, "arguing that there is a question of when the causes of action for *quantum meruit* and breach of contract accrued." Pl. Obj. at 4–5. Although Plaintiff makes a new argument not previously made to Judge Aaron, the Court reviews and overrules the objection. *See Razzoli*, 2014 WL 2440771, at *5 ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all."). Even assuming that there were, as Plaintiff suggests, some ambiguity as to when the causes of action for *quantum meruit* and breach of contract accrued, this would not absolve Plaintiff of the requirement to initiate an Article 78 proceeding before bringing his claim for damages. *See Finley*, 79 F.3d at 1292; *see also id.* ("The primacy of [A]rticle 78 proceedings conserves public money by forcing a quick and efficient resolution of claims against state agencies.").

Accordingly, Plaintiff's objection that a successful Article 78 proceeding was not required before bringing a claim for damages is OVERRULED.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R&R to which Plaintiff properly objected and has reviewed the remainder of the R&R for clear error.[3]  For the reasons stated above, the Court ADOPTS the R&R in its entirety, and DISMISSES counts two, three, and four of the complaint.

The parties are ORDERED to appear for a case management conference on June 24, 2020, at 10:20 a.m.  By June 17, 2020, the parties shall submit their joint status report.  *See* ECF No. 32 ¶ 16.  It is further ORDERED that Defendant's request that the time to file a pre-motion conference request in connection with Defendant's anticipated summary judgment motion be extended until 14 days after this order, ECF No. 58, is GRANTED.  Any pre-motion conference request must be made by June 17, 2020.  The Clerk of Court is directed to terminate the motions at ECF Nos. 25 and 58.

SO ORDERED.

Dated: June 3, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge

---

[3]  To the extent not discussed above, the Court finds no clear error in the unchallenged portions of the R&R.